UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES MICHAEL KENNY,

      Petitioner,

                              CASE No. 2:20-CV-96

v.

                              HON. ROBERT J. JONKER

KRIS TASKILA,

      Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 13) and Petitioner's Objection to the Report and Recommendation (ECF No. 14). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

The Magistrate Judge recommends denial of Petitioner's habeas petition. In his objections, Petitioner primarily reiterates and expands upon arguments presented in his original brief. Petitioner's objections fail to deal in a meaningful way with the Magistrate Judge's analysis, the detailed determinations of the Michigan Court of Appeals, and the impact of the deferential AEDPA standard. The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed Petitioner's claims. Nothing in Petitioner's Objections changes the fundamental analysis.

Petitioner contends his due process rights were violated when the State Court judge allegedly identified a potential weakness in the State's case at the close of the first day of trial, outside the presence of the jury. The Magistrate Judge found that the Michigan Court of Appeals decision—which concluded that Petitioner failed to demonstrate judicial bias—was not contrary to, or an unreasonable application of, clearly established federal law. The Court agrees. The opening pages of the transcript from day two of the trial do not change matters. Rather than reflect a participation in the government's case—as Petitioner contends—the transcript reflects nothing but ordinary trial management. The judge was simply presiding over the trial and ensuring the rules of evidence were followed.

Petitioner also argues that his due process rights were violated because the trial court's instructions to the jury on the resisting / obstructing charge did not include an element requiring the prosecutor to prove, beyond a reasonable doubt, that the officer's actions were lawful. Petitioner says the State Court of Appeals found a basis in other instances to vacate and remand

where the lawfulness instruction was not given. The State cases cited by Petitioner, however, merely apply the Michigan Supreme Court's decision in *People v. Moreno*, 491 Mich. 39 (2012), which held that the State statute did not abrogate the common law right to resist unlawful police conduct.[1] Petitioner's contention that the State Court of Appeals failed to properly apply the State Supreme Court's decision in *Mereno* is not cognizable in this federal habeas action. Moreover, the Magistrate Judge properly concluded that the State Court of Appeals decision did not unreasonably apply clearly established federal law when it concluded Petitioner could not show prejudice in any event. Indeed, the lawfulness of the officer's command was not at issue in Petitioner's trial.

Petitioner's remaining arguments simply invite this Court to accept his view of the proofs presented during his trial. This falls far short of demonstrating he is entitled to relief under the deferential AEDPA standard. The Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United*

---

[1] The Magistrate Judge noted that the trial court's instructions included the optional sentence that obstruction "includes a knowing failure to comply with a lawful command" and concluded that this rendered the lawfulness instruction "duplicative and unnecessary." (ECF No. 13, PageID.851). This overstates the matter, in the undersigned's view. In *People v. Quinn*, 305 Mich. App. 484, 853 N.W.2d 383 (Mich. Ct. App. 2014), for example, the Michigan Court of Appeals remanded for a new trial even where the optional sentence was included in the instructions. The Magistrate Judge's observation does, however, bolster the lack of prejudice analysis.

3

*States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'"  *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks.  Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 13) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and
2. Petitioner is **DENIED** a certificate of appealability.

Dated:     May 4, 2021               /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE